IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGGIE THAO, | Case No. 1:17-cv-01298-LJO-EPG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED |
| v. | |
| LAW OFFICES OF CHRISTOPHER GLENN BECKOM, *et al.*, | (ECF No. 16) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 14 DAYS |

### **I. INTROUDCTION**

Aggie Thao ("Plaintiff") filed a motion for default judgment against the Law Offices of Christopher Glenn Beckom and ULRS, Inc. ("Defendants") on January 29, 2018. (ECF No. 16.) Defendants have not appeared or opposed entry of default judgment. Upon review of the evidence and the briefing, the Court recommends that Plaintiff's motion for default judgment be GRANTED.

### **II. BACKGROUND**

Plaintiff filed this civil action on September 27, 2017. (ECF No. 1.) Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") arising from when Defendants obtained information regarding an alleged consumer debt and attempted to

1

collect upon it. The debt was fraudulently created as a result of Plaintiff's name being forged to a purported contract that created the debt. Defendants then sent Plaintiff a demand letter for payment on the debt that did not contain the required notice under 15 U.S.C. §1692g. The letter threatened to file a lawsuit against Plaintiff, but at the time the threat was made, Defendants had no intention to file a lawsuit. The letter misstated the amount of the debt and wrongfully tried to collect interest and attorneys' fees. The letter further stated that if the demand was not responded to within ten days, legal action would be commenced. However, Defendants did not commence legal action. As a result of the Defendants' acts, Plaintiff suffered emotional distress.

Plaintiff's complaint prays for judgment against Defendants and damages as follows: (a) Actual damages; (b) Statutory damages pursuant to 15 U.S.C. §1692k; (c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and (d) For such other and further relief as the Court may deem just and proper. (ECF No.1 at 5.) Defendants were served with the complaint but did not file a responsive pleading as required by the Federal Rules of Civil Procedure. (ECF Nos. 5-6.)

On December 27, 2017, the Court entered default against Defendants Law Offices of Christopher Glenn Beckom and ULRS, Inc. (ECF Nos. 8-9.) Plaintiff thereafter filed the instant motion for default judgment. (ECF No. 11.) The Court held a motion hearing on March 16, 2018. (ECF No. 15.) Plaintiff was sworn and testified and exhibits were admitted into evidence. (*Id*.) At the request of the Court, Plaintiff filed supplemental briefing and evidence in support of the motion for default judgment on April 9, 2016. (ECF No. 16.)

Plaintiff's motion for default judgment and supplemental filing requests judgment in the amount of $27,000 plus attorney's fees and costs in the amount of $6,149.75 for a total judgment of $33,149.75. (ECF Nos. 11, 16.)

### III.    APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 55 provides that default shall be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise…" Fed. R. Civ. P. 55(a). A party may then

2

apply to the court for entry of default judgment. Fed. R. Civ. P. 55(b). "The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter. Fed. R. Civ. P. 55(b)(2).

"Our starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citing *Pena v. Seguros La Comercial, S.A*., 770 F.2d 811, 814 (9th Cir.1985)). Factors which may be considered by courts when exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and, (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471-1472.

A plaintiff is required to prove all damages sought in the complaint. *See Televideo Sys., v. Heidenthal*, 826 F. 2d 915, 917-918 (9th Cir. 1992). In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. Fed. R. Civ. P. 54(c). If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins., Co. Of N. Am.*, 980 F. 2d 1261, 1267 (9th Cir. 1992). However, "[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### IV. DISCUSSION

#### 1. Jurisdiction

When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has the affirmative duty to look into its jurisdiction over the subject matter and the parties. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1051 (N.D. Cal.

2010) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir.1999)). Here, Plaintiff's complaint is filed under the FDCPA, 15 U.S.C. §1692 *et seq*. The Court has subject matter jurisdiction because the case arises under federal law. *See* 28 U.S.C. § 1331. Plaintiffs were properly served with process in this case. (ECF Nos. 5-6.) Therefore, the Court also has jurisdiction over the parties.

### 2. The *Eitel* factors weigh in favor of default judgment

#### *a. Possibility of prejudice to the plaintiff*

If default judgment is not entered, Plaintiff will effectively be denied a remedy until Defendants participate in the litigation, which may never occur. Denying Plaintiff a means of recourse is, by itself, enough to meet the burden imposed by this factor. *See, e.g., Philip Morris, USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

#### *b. The merits of plaintiff's substantive claim and the sufficiency of the complaint*

The next relevant *Eitel* factors include an evaluation of the merits of the substantive claims alleged in the complaint. To weigh these factors, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought. *See Danning v.Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (internal quotation marks omitted).

Here, Plaintiff brings a claim alleging violations of the FDCPA, 15 U.S.C. §1692 *et seq*. (ECF No.1 at 4 ¶ 23.) "The FDCPA was created to protect consumers from unfair and deceptive debt collection practices." *Robinson v. Managed Accounts Receivables Corp*., 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009) (citing 15 U.S.C. § 1692). "In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a "consumer"; (2) the defendant must be a "debt collector"; and (3) the defendant must have committed some act or omission in violation of the FDCPA." *Id*. (citing *Withers v. Eveland*, 988 F.Supp. 942, 945 (E.D.Va.1997); 15 U.S.C. § 1692a(3), (6)).

Here, Plaintiff's complaint alleges that she is a "consumer," (ECF No. 1 at 1 ¶ 1), and that Defendants are "debt collectors," (*Id*. at 2 ¶¶ 4-5.) The complaint further states that Defendants

violated numerous sections of the FDCPA. (*Id*. at 5 ¶ 23.) As summarized above, Plaintiff's complaint includes factual allegations that Defendants attempted to collect on a fraudulent debt from Plaintiff and in doing so failed to provide Plaintiff with the proper notices and falsely threatened legal action against Plaintiff.

The complaint sufficiently states a claim under the FDCPA and there appears to be merit to the substantive allegations. Therefore, these *Eitel* factors weigh in favor of default judgment.

### c. *The sum of money at stake in the action*

The fourth *Eitel* factor, the sum of money at stake, weighs in favor of default judgment. Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

Here, Plaintiff is seeking a default judgment in the amount of $2,000.00 in statutory damages, $25,000 in emotional distress damages, and $6,149.75 in attorney's fees and costs. This is not a particularly large sum of money, which weighs in favor of granting default judgment.

### d. *The possibility of a dispute concerning material facts*

With regard to this factor, no genuine issue of material fact is likely to exist because the allegations in the complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917-18, and Defendants have submitted nothing to contradict the well-pled allegations. Accordingly, this factor favors entry of default judgment.

### e. *Whether the default was due to excusable neglect*

The Clerk entered default as to both defendants pursuant to Rule 55(a) on December 27, 2017. (ECF Nos. 6-7.) Plaintiff then moved for a default judgment on January 29, 2018, (ECF No. 11), a hearing was held on March 16, 2018, (ECF No. 15), and Plaintiff filed supplemental briefing on April 9, 2016, (ECF No. 16). Defendants have been continually served with documents in this case, but have not appeared and have not requested that default be set aside. There is no evidence that Defendants' failure to participate in the litigation is due to excusable neglect. Thus, this factor weighs in favor of granting default judgment.

### f. *The strong policy underlying the federal rules of civil procedure favoring decisions on the merits*

This factor inherently weighs strongly against awarding default judgment in every case. In the aggregate, however, this factor is outweighed when compared with the other applicable factors that weigh in favor of granting default judgment.

### 3. Relief Sought

While analysis of the *Eitel* factors supports a default judgment, the Court also considers the proof of the damages and the terms of the judgment sought by Plaintiff.

#### a. *Statutory Damages*

The FDCPA provides for statutory damages in the amount of $1,000 per defendant-debt collector. *See* 15 U.S.C. §1692k(a)(2)(A); *Ganske v. Checkrite, Ltd.*, No. 96-C-0541-S, 1997 WL 33810208, at *5 (W.D. Wis. Jan. 6, 1997) (interpreting plain language of § 1692k(a) of the FDCPA to impose liability for statutory damages "against more than one defendant debt collector in a single proceeding if it is established by the plaintiff that each debt collector independently violated the FDCPA").

Plaintiff has sufficiently alleged facts indicating that both Defendants independently violated the FDCPA. Plaintiff alleges that both Defendants are debt collectors under the FDCPA, and both Defendants participated in the collection of an alleged debt from Plaintiff. (ECF No. 1 at 3 ¶¶ 10-21.) Thus, Plaintiff is entitled to $2,000 in statutory damages.

#### b. *Emotional Distress Damages*

The FDCPA provides that a debt collector who violates that FDCPA "with respect to any person is liable to such person in an amount equal to the sum of-- (1) any actual damage sustained by such person as a result of such failure." 15 U.S.C. §1692k(a)(1). Plaintiff in this matter requests $25,000 in damages for emotional distress. (ECF No. 11-1 at 4.) In support of the motion for default judgment, Plaintiff submitted a declaration attesting to her emotional distress damages, (ECF No. 11-2 at 2-3¶ 11), and has provided caselaw supporting emotional distress damage awards in other FDCPA cases, (ECF No. 11-1 at 4).

Additionally, Plaintiff testified in person and under oath at the March 16, 2018 hearing. (ECF No. 15.) The testimony provided by Plaintiff at the hearing provided additional detail

concerning the events outlined in the complaint as well as testimony supporting her emotional distress damages. Plaintiff very thoroughly described the emotional distress she suffered related to this case, including deeply personal details concerning a miscarriage occurring near the time of the events described in the complaint. The Court found the testimony credible, reliable and more than sufficient to support her request for $25,000 in emotional distress damages.

### c. *Attorney's Fees and Costs of Litigation*

In a successful action enforcing the FDCPA, a plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C.A. § 1692k(a)(3).

### i. Attorney Fees

Generally, the U.S. Court of Appeals for the Ninth Circuit has adopted the "lodestar" approach for assessing the award of reasonable attorneys' fees. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The reasonableness of the requested attorney fees is to be determined on the facts of each case. *Camacho*, 523 F.3d at 978 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id*. (quoting *Ferland v. Conrad Credit Corp*., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id*. (quoting *Ferland v. Conrad Credit Corp*., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)).

"The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed." *Van Gerwen v. Guarantee Mut. Life Co*., 214 F.3d 1041, 1045 (9th Cir. 2000) (citing *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933). Hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary" are excluded from the lodestar amount. *Id*. (citing *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933). After the lodestar amount is determined, the court may then "adjust the lodestar upward or downward using a 'multiplier'

based on factors not subsumed in the initial calculation of the lodestar."[1] *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 898–901, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Hensley*, 461 U.S. at 434 n. 9, 103 S.Ct. 1933).

Here, Plaintiff's counsel has submitted a declaration and billing records indicating that they expended a total of 18.1 hours in this matter as follows:

1) 7.3 hours at $350 per hour for Partner Jeremy Golden's time. Mr. Golden was admitted to the bar in 2003 and practices exclusively in the field of consumer law.

2) 0.1 hours at $325 per hour for Partner Octavio Cardona-Loya II. Mr. Cardona-Loya was admitted to the bar in 2008 and practices exclusively in the field of consumer law.

3) 10.7 hours at $200 per hour for Associate attorney Cory Teed. Mr. Teed was admitted to the bar in 2014 and practices exclusively in the field of consumer law.

(ECF No. 16-1 at 2 ¶ 6.)

The total requested attorneys' fees associated with this matter are $4,787.50. A multiplier has not been requested. The Court has reviewed evidence submitted and finds that the request for attorney fees, including the requested hours and rates, is reasonable in this case.

### ii. Litigation Expenses and Costs

Finally, Plaintiff seeks $1,362.25 in costs and litigation expenses. (ECF No. 16-1 at 2 ¶ 7.) The costs incurred in this matter are $400 for a filing fee, $270 for service of process, and $692.25 for travel expenses and hotel stay for the default judgment hearing. (*Id.*) Plaintiff's request for costs in the amount of $1,362.25 for litigation costs and expenses is appropriate.

---

[1] "Under *Hensley*, 11 factors are relevant to the determination of the amount of attorney's fees: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases." *Van Gerwen*, 214 F.3d at 1045 n.2 (citing *Hensley*, 461 U.S. at 430 n. 3, 103 S.Ct. 1933).

## IV. CONCLUSION

For the reasons discussed above, the Court RECOMMENDS that:

1. Plaintiff's motion for default judgment (ECF No. 11) be GRANTED; and

2. Judgment be entered for Plaintiff Aggie Thao for a total of $33,149.75 against Defendants Law Offices of Christopher Glenn Beckom and ULRS, Inc. dba United Legal Group jointly and severally on all causes of action.

3. The Clerk of the Court be DIRECTED to CLOSE this case.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B). Within fourteen (14) days of service of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler,* 772 F. 3d 834, 839 (9th Cir. 2014); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 27, 2018**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

9